Counsel for Plaintiff
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE SHERMAN,<br><br>                Plaintiff,<br><br>v.<br><br>AIRGAS USA, LLC,<br><br>                Defendant. | CASE NO. _____<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

### COMPLAINT

Plaintiff, Steve Sherman ("Mr. Sherman"), by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Complaint against Defendant, Airgas USA, LLC ("Airgas"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a et seq. ("NJWHL"), the New Jersey Wage Payment Law, N.J. Stat. § 34:11-4.1 et seq. ("NJWPL"), the New Jersey Debt Collection Law ("NJDCL"), N.J. Stat. § 2A:14-1, as follows:

### PARTIES

1. Mr. Sherman was employed by Airgas from in or about May 2015, until on or about May 10, 2019. Mr. Sherman is a resident of the State of New Jersey, residing at 131 Baywood Drive, Toms River, New Jersey 08753. Mr. Sherman's consent to become a party plaintiff is attached to this Complaint.

2. At all times relevant to this Complaint, Mr. Sherman was an "employee" of Airgas for purposes of the FLSA, NJWHL, and NJWPL, and was an individual employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

3. Airgas, a Delaware limited liability company, is a leading single-source supplier of gases, welding equipment and supplies, and safety products, with a home office located at 259 North Radnor Road, #100, Radnor, Delaware County, Pennsylvania.

4. At all times relevant to this Complaint, Airgas employed Mr. Sherman within the State of New Jersey.

5. At all times relevant to this Complaint, Airgas has been an employer within the meaning of the FLSA, NJWHL, NJWPL and NJDCL.

6. At all times relevant to this Complaint, Airgas has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all times relevant to this Complaint, Airgas has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

8. Airgas has had, and continues to have, an annual gross income of sales made, or business done, of not less than $500,000.00.  29 U.S.C. § 203(s)(1).

**JURISDICTION AND VENUE**

9. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over these FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. The NJWHL, NJWPL NJDCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over New Jersey state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this district is proper under 28 U.S.C. § 1391(b), because Airgas resides in this district.

## BACKGROUND

12. Mr. Sherman was a Talent Acquisition Recruiter at Airgas, a position which did not require an advanced degree, and acquired his skill by experience rather than by an advanced specialized intellectual instruction with respect to his job qualifications.

13. Airgas told Mr. Sherman that he would earn a salary, and he was not paid by the hour or an overtime rate, although federal and state law requires paying him by the hour and at an overtime rate for hours in excess of forty (40) hours per week.

14. From the date of his hire, Mr. Sherman frequently had to work in excess of forty (40) hours per week, averaging an estimated forty-seven (47) to fifty-two (52) hours per week at different times.

15. Airgas willfully refused to pay Mr. Sherman overtime for the time he worked in excess of forty (40) hours per week from his date of hire until the date of his termination.

16. Airgas has willfully violated the FLSA and related federal regulations, the NJWHL, the NJWPL and the NJDCL through its failure to properly pay Mr. Sherman for all overtime hours he has worked. In particular, Mr. Sherman often worked in excess of forty (40) hours per week, and in such cases, Airgas did not pay additional compensation of at least the legally mandated rate. Airgas knew and was aware at all times that Mr. Sherman regularly

...

worked in excess of forty (40) hours per week, and yet failed to pay him for all overtime hours he worked.

## COUNT I

## VIOLATIONS OF THE FLSA

17. Mr. Sherman incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

18. At all times material herein, Mr. Sherman has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

19. Mr. Sherman is an "employee" and Airgas was his "employer" covered under Section 203 of the FLSA.

20. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

21. Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Mr. Sherman. 29 U.S.C. § 213.

22. As set forth above, Airgas violated the overtime provisions of the FLSA as it failed to pay Mr. Sherman the required one and one-half (1½) times his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Mr. Sherman.

23. Airgas's failures to pay Mr. Sherman overtime at one and one-half (1½) times Mr. Sherman's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

24. Airgas violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Airgas also willfully failed to keep accurate records of all hours worked by Mr. Sherman.

25. Mr. Sherman is entitled to damages incurred within the three (3) years preceding the filing of this litigation, because Airgas acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

26. Airgas has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a result thereof, Mr. Sherman is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should this Honorable Court find Airgas did not act willfully in failing to pay overtime pay, Mr. Sherman is entitled to an award of pre-judgment interest at the applicable legal rate.

27. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Airgas from Mr. Sherman. Accordingly, Airgas is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Mr. Sherman respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Mr. Sherman against Airgas for violations of the FLSA's overtime requirements;

(b) Award Mr. Sherman unpaid overtime wages, in an amount to be shown at trial;

(c) Award Mr. Sherman an additional equal amount as liquidated damages;

(d) Award Mr. Sherman all compensatory damages, including compensation for any retirement and/or tax consequences;

(e) Award Mr. Sherman pre- and post-judgment interest at the legal rate;

(f) Award Mr. Sherman his costs and reasonable attorneys' fees in bringing this action;

(g) Enter an Order enjoining Airgas from future violations of the overtime wage provisions of the FLSA; and

(h) Award Mr. Sherman any other relief that this Court or a jury deems appropriate.

## COUNT II

## VIOLATIONS OF THE NJWHL

28. Mr. Sherman incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

29. Airgas is an employer covered by the NJWHL.

30. The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4.

31. By treating Mr. Sherman as an exempt employee, Airgas failed to keep track of his hours of work.

32. Airgas violated Section 34:11-56a4 of the NJWHL by failing to pay Mr. Sherman overtime premium compensation for hours worked over forty (40) hours during the workweek.

WHEREFORE, Mr. Sherman respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Mr. Sherman for violations of the NJWHL's overtime requirements;

(b) Award Mr. Sherman his unpaid overtime wages for being required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c) Award Mr. Sherman liquidated damages as provided under New Jersey law;

(d) Award Mr. Sherman pre- and post-judgment interest at the legal rate;

(e) Award Mr. Sherman his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Airgas from future violations of the overtime provisions of the NJWHL; and

(g) Award Mr. Sherman any other relief that this Court or a jury deems appropriate.

## COUNT III

### VIOLATIONS OF THE NJWPL

33. Mr. Sherman incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

34. As an employee of Airgas, Mr. Sherman was entitled to the protections of the NJWPL.

35. Section 34:11-4.2 of the NJWPL requires that Mr. Sherman receive all wages owed during the applicable statute of limitations period.

36. Section 34:11-4.4 of the NJWPL generally prohibits employers, such as Airgas, from making deductions or withholdings from the wages of employees except for those deductions or withholdings permitted therein.

37. As set forth herein, Airgas has misclassified Mr. Sherman as an exempt employee when he was actually a non-exempt employee under the NJWPL, and was thereby entitled to the protection and benefits of these laws.

38. Airgas violated the NJWPL by failing to pay Mr. Sherman all of the wages due, and subjecting him to wage deductions and withholdings that were not specifically permitted by the NJWPL.

WHEREFORE, Mr. Sherman respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Mr. Sherman and against Airgas for failing to pay wages in violation of the NJWPL;

(b) Award Mr. Sherman liquidated damages in an amount equal to one-hundred percent (100%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(c) Award Mr. Sherman pre- and post-judgment interest at the legal rate;

(d) Award Mr. Sherman his costs and reasonable attorneys' fees in bringing this action;

(e) Enter an Order enjoining Airgas from future violations of the wage provisions of the NJWPL; and

(f) Award Mr. Sherman any other relief this Court or a jury deems appropriate.

## COUNT IV

### BREACH OF CONTRACT

39. Mr. Sherman incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

40. The relevant time period for this cause of action begins at least six (6) years before the date on which the Complaint was filed pursuant to New Jersey debt collection law, which states the following in relevant part:

> **2A:14-1. 6 years.** Every action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.

N.J. Stat. § 2A:14-1.

41. At different times, Airgas, through its employees/managers and/or agents, made oral offer(s) of employment to Mr. Sherman that he would be paid at a fixed hourly rate for all work performed on behalf of Airgas.

42. Mr. Sherman, in justifiable reliance upon Airgas's promises to pay him for all time worked on behalf of Airgas, accepted Airgas's offer(s) of employment.

43. Pursuant to his agreement with Airgas, Mr. Sherman performed work on behalf of and for the benefit of Airgas.

44. However, Airgas breached its oral contract(s) with Mr. Sherman by deliberately failing to pay him for all hours worked.

45. Accordingly, Mr. Sherman entitled to judgment in an amount equal to the time worked on behalf of Airgas.

WHEREFORE, Mr. Sherman respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Airgas, LLC, as follows:

(a) Enter judgment in favor of Mr. Sherman and against Airgas for failing to pay wages in violation of the NJDCL;

(b) Award Mr. Sherman pre- and post-judgment interest at the legal rate;

(c) Award Mr. Sherman his costs and reasonable attorneys' fees in bringing this action;

(d) Enter an Order enjoining Airgas from future violations of the wage provisions of the NJDCL; and

(e) Award Mr. Sherman any other relief this Court or a jury deems appropriate

## JURY DEMAND

Mr. Sherman demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

November 3, 2020
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg (Bar I.D. No.:  PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (Bar I.D. No.:  PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (Bar I.D. No.:  PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*